## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| **CATRICE DANIEL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO.  1:22-cv-2383 |
| **FREEDOM MORTGAGE,** | ) |
| | ) |
| **Defendants,** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to the Americans with Disability Act, (ADA) 42 U.S.C. Ch. 126 § 12101 *et seq.,* and the  Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, and the Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e. *et seq*.

2. This Court possesses proper subject matter and personal jurisdiction over the parties. 28 U.S.C. §§ 1331 and 1343.

3. Venue in the United States District Court for the Southern District of Indiana is proper pursuant to 28 U.S.C. § 1391*et seq*.

4. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on September 12, 2022.

## PARTIES

5. Plaintiff is a disabled, African American feSEction 1981, male and at all relevant times resided in the Southern District of Indiana.

6. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

7. Plaintiff is an African American female in a protected class based on race and because she belongs to an identifiable class of persons who are subjected to intentional discrimination solely because of their race, ancestry, national origin or ethnic characteristics under 42 U.S.C. 1981 (Section 1981), Title VI, codified at 42 U.S.C. §§ 2000d et seq.

8. Plaintiff began working for the Defendant in November of 2020 as a Customer Care SPOC.

9. Plaintiff performed her job well.

10. In April of 2021, Plaintiff was off for 3 days and had doctor statement to return to work.

11. Defendant did not accept the doctor's statement and Plaintiff was put on a forced leave of absence due.

12. Plaintiff was off of work due to her disability from April 2021 to July 2021 and August 2021 to September.

13. In July 2021, Plaintiff was assigned a new manager.

14. In October 2021, Plaintiff requested a reasonable accommodation to work in the office due to her disability.

15. Plaintiff was told that she could work in the office. Plaintiff paid for and took a weekly COVID-19 test because she was not vaccinated. Plaintiff informed Defendant's Senior Director of PMP, that she would receive and pay for the weekly COVID test if she could work at the office.

Soon after, Defendant informed the Plaintiff that she could not return to the office because she was not an essential worker and not vaccinated.

16. In November 2021, while discussing her accommodation denial, Plaintiff's new manager informed her that "I would never tell you to put your big girl panties on and come into [login] to work". Plaintiff told her she was being biased due to her condition.

17. On December 3, 2021, Plaintiff informed her manager that her comment was inappropriate, and that Plaintiff believed the comments were in reference to her underlying conditions of anxiety and mental health issues.

18. On December 6, 2021, Plaintiff was subsequently written up for alleged incidents that occurred more than 90 days prior to when her new manager being over the Plaintiff.

19. On or about December 8, 2021, Plaintiff informed her manager that she believed that she was being biased against and that she was harassing her.

20. On December 10, 2021, Plaintiff received a compliance audit. This was the first time Plaintiff had received an audit. Previously, her manager listened to her calls and provided her with good feedback.

21. Plaintiff was subjected to a hostile work environment by being harassed about internet connectivity issues, time off, accommodations and FMLA procedures.

22. On January 7, 2022, Plaintiff was terminated allegedly for having internet connectivity issues at her home.

23. Other Caucasians individuals working for the Defendant had technical difficulties with their internet and were not terminated.

24. Other non-disabled individuals working for the Defendant had technical difficulties with their internet and were not terminated.

25. Plaintiff's supervisor harassed her due to her disability through discipline and verbally.

26. Plaintiff was retaliated against by the Defendant for engaging in protected activity.

27. Plaintiff was retaliated against by the Defendant for requesting an accommodation.

28. Plaintiff was retaliated against by the Defendant for requesting FMLA.

29. Plaintiff was subjected to a hostile work environment by the Defendant.

30. Plaintiff was discriminated against due to her disability.

31. Plaintiff was discriminated against due to requesting FMLA.

32. Defendant interfered with Plaintiff's use and request of FMLA.

33. Defendant failed to accommodate the Plaintiff's disability.

34. Defendant failed to engage in the interactive process regarding an accommodation with the Plaintiff.

35. Plaintiff was discriminated against due to her race.

## COUNT I

36. Plaintiff incorporates by reference paragraphs 1-30.

37. Defendant, as a result of harassing Plaintiff due to her race, violated Title VII, 42 U.S.C. § 2000 et al.

## COUNT II

38. Plaintiff incorporates by reference paragraphs 1-18.

39. Defendant, as a result of disciplining the Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

40. Plaintiff incorporates by reference paragraphs 1-18.

41. Defendant, as a result of terminating the Plaintiff due to her engaging in

protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

42. Plaintiff incorporates by reference paragraphs 1-18.

43. Defendant, as a result of subjecting Plaintiff to a hostile work environment because of her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT V

44. Plaintiff incorporates by reference paragraphs 1-25.

45. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII, 42 U.S.C. § 2000 et al.

## COUNT VI

46. Plaintiff incorporates by reference paragraphs 1-25.

47. Defendant, as a result of disciplining Plaintiff due to her race, violated Title VII, 42 U.S.C. § 2000 et al.

## COUNT VII

48. Plaintiff incorporates by reference paragraphs 1-30.

49. Defendant, as a result of harassing Plaintiff due to her race, violated Title VII, 42 U.S.C. § 2000 et al. 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT VIII

50. Plaintiff incorporates by reference paragraphs 1-18.

51. Defendant, as a result of disciplining the Plaintiff due to Plaintiff engaging in protected activity, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT IX

52. Plaintiff incorporates by reference paragraphs 1-18.

53. Defendant, as a result of terminating the Plaintiff due to her engaging in protected activity, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT X

54. Plaintiff incorporates by reference paragraphs 1-18.

55. Defendant, as a result of subjecting Plaintiff to a hostile work environment because of her race, 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT XI

56. Plaintiff incorporates by reference paragraphs 1-25.

57. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT XII

58. Plaintiff incorporates by reference paragraphs 1-25.

59. Defendant, as a result of disciplining Plaintiff due to her race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT XIII

60. Plaintiff incorporates by reference paragraphs 1-25.

61. Defendant, as a result of disciplining the Plaintiff due to her disability, violated the Americans with Disability Act 42 U.S.C. Ch. 126 § 12101 et seq.

## COUNT XIV

62. Plaintiff incorporates by reference paragraphs 1-25.

63. Defendant, as a result of terminating Plaintiff due to her disability, violated the Americans with Disability Act 42 U.S.C. Ch. 126 § 12101 et seq.

## COUNT XV

64. Plaintiff incorporates by reference paragraphs 1-25.

65. Defendant, as a result of failing to provide Plaintiff an accommodation, violated the Americans with Disability Act 42 U.S.C. Ch. 126 § 12101 et seq.

## COUNT XVI

66. Plaintiff incorporates by reference paragraphs 1-25.

67. Defendant, as a result of failing to engage in the interactive process, violated the Americans with Disability Act 42 U.S.C. Ch. 126 § 12101 et seq.

## COUNT XVII

68. Plaintiff incorporates by reference paragraphs 1 -25.

69. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT XVIII

70. Plaintiff incorporates by reference paragraphs 1 – 25.

71. Defendant, as a result of terminating Plaintiff, violated the Family and Medical Leave Act ("FMLA") and Title VII 42 U.S.C. § 2000e *et seq.*

## COUNT XIX

72. Plaintiff incorporates by reference paragraphs 1 - 25.

73. Defendant, as a result of retaliating against Plaintiff, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. and and Title VII 42 U.S.C. § 2000e *et seq.*

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted,

/s/Julie C. Alexander
Julie C. Alexander  (25278-49)
**AMBER BOYD ATTORNEY AT LAW**
8510 Evergreen Avenue
Indianapolis, IN 46240
Office: 317-210-3416
Julie@amberboydlaw.com

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted,

/s/Julie C. Alexander
Julie C. Alexander  (25278-49)
**AMBER BOYD ATTORNEY AT LAW**
8510 Evergreen Avenue
Indianapolis, IN 46240
Office: 317-210-3416
Julie@amberboydlaw.com